IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF WEST VIRGINIA

HUNTINGTON DIVISION

JENNA L. HIGGINBOTHAM,

        Plaintiff,

v.                                                   CIVIL ACTION NO.  3:20-0198

APPALACHIAN RAILCAR SERVICES,
LLC, a West Virginia corporation,

        Defendant.

**MEMORANDUM OPINION AND ORDER**

Pending before the Court is Defendant's Motion for Summary Judgement (ECF No. 25). For the following reasons, the Motion is **DENIED in part** and **GRANTED in part**.

**I.  BACKGROUND**

Plaintiff Jenna L. Higginbotham was an employee with Defendant Appalachian Railcar Services ("ARS") for about two and a half years as the Human Resources Manager and Policy Coordinator in Eleanor, West Virginia. She was considered the "highest ranked person in HR" and had at least one other employee reporting to her, Christina Sharp. Ex. 2 to Def.'s Mot., ECF No. 26-2. In the spring of 2019, Plaintiff became pregnant with her second child. She requested disability and maternity leave from her direct supervisor, Texas Howard, and he granted her request.

At some point before her maternity leave, Plaintiff requested permission to work remotely one day a week after she returned from leave. According to Plaintiff, Howard told her that she was not permitted to work remotely because she was part of senior management. After this conversation, Plaintiff spoke to Scott Driggers, ARS' Chief Operating Officer, about assuming

more responsibilities as part of the senior management. In response, Plaintiff says that Driggers told her: "you can't be successful in this business unless you put in the hours like the Bills and the Gregs and the Texas[es]," each of whom are men Plaintiff characterizes as "workaholics." Higginbotham Dep. 102, ECF No. 27-2. According to Plaintiff, Driggers then encouraged her to "keep doing what you're doing by being a mother first," and expressed his own regret in "aggressively pursuing his career" at the expense of his relationship with his children. *Id*. Although Plaintiff believed Driggers to be genuine in his remarks, to her his message was clear: she "could not be a mother and successful in business." Higginbotham Dep., ECF No. 26-1.

Plaintiff began her leave about a week early per her doctor's orders. ARS continued to compensate her for that extra week. With the extra week off, Plaintiff's leave totaled a little over 12 weeks. During her disability and maternity leave, Plaintiff testified that she remained available, answered emails and phone calls, and even visited the office before and after giving birth. In addition, Defendant hired a temporary employee to work in human resources during Plaintiff's leave.

Plaintiff returned to work full time on Thursday, January 2, 2020. According to Howard, he and Driggers decided to eliminate her position that Friday or Monday and terminated her employment the following Tuesday. According to Howard and Driggers, they made the decision to eliminate Plaintiff's position as part of their effort to restructure the business and make it more efficient. Both stated that during her leave, they formed the opinion that the company could eliminate her position and redistribute her responsibilities to other employees.

Plaintiff filed this suit for wrongful termination in state court, and Defendant subsequently removed the case to this federal court. The Complaint asserts four causes of action (1) Sex Discrimination under the West Virginia Human Rights Act ("WVHRA"); (2) Pregnancy

Discrimination under the WVHRA and the Pregnancy Workers' Fairness Act ("PWFA"); (3) Retaliatory Discharge under the Family Medical Leave Act ("FMLA"); and (4) Disability Discrimination under the WVHRA. Plaintiff also makes a claim for punitive damages. Defendant now seeks summary judgment as to all claims.

## II. STANDARD OF REVIEW

Summary judgment is warranted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a)-(c); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247 (1986). A "material fact" is a fact that could affect the outcome of the case. *Anderson*, 477 U.S. at 248. A "genuine issue" concerning a material fact exists when the evidence is sufficient to allow a reasonable jury to return a verdict in the nonmoving party's favor. *FDIC v. Cashion*, 720 F.3d 169, 180 (4th Cir. 2013).

The moving party bears the burden of showing that there is no genuine issue of material fact, and that it is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a); *Celotex Corp.*, 477 U.S. at 322-23. When determining whether summary judgment is appropriate, a court must view all of the factual evidence in the light most favorable to the nonmoving party. *Hoschar v. Appalachian Power Co.*, 739 F.3d 163, 169 (4th Cir. 2014). However, the nonmoving party must offer some "concrete evidence from which a reasonable juror could return a verdict in his favor." *Anderson*, 477 U.S. at 256. If the nonmoving party makes this showing, summary judgment is not appropriate. *Id.* at 250.

## III. ANALYSIS

A.  **Pregnancy and Sex Discrimination under the West Virginia Human Rights Act**

The Supreme Court of Appeals of West Virginia has long recognized that "[d]iscrimination

based upon pregnancy constitutes illegal sex discrimination under [the WVHRA]." *Syl. Pt. 2, Frank's Shoe Store v. W. Va. Human Rights Comm'n*, 365 S.E.2d 251, 252 (W. Va. 1986); *Syl. Pt. 2, Dep't of Natural Resources v. Myers*, 443 S.E.2d 229 (W. Va. 1994). To avoid summary judgment for impermissible discrimination, the plaintiff must establish a prima facie case, including: (1) that she is a member of a protected class; (2) that the employer made an adverse employment decision affecting her; and (3) that, but for her protected status, the employer would not have made the adverse decision. *Syl. Pt. 3, Conaway v. E. Associated Coal Corp.*, 358 S.E.2d 423, 429 (W. Va. 1986).

Once the plaintiff establishes a prima facie case, the burden shifts to the employer to advance a non-discriminatory reason for the plaintiff's dismissal. *Id.* at 430. "The reason need not be a particularly good one. It need not be one which the judge or jury would have acted upon. The reason can be any other reason except that the plaintiff was a member of a protected class." *Id*. After the employer explains its decision, the employee may rebut the employer's legitimate, non-discriminatory reason. *Id*. "To get to the jury, the employee must offer sufficient evidence that the employer's explanation was pretextual to create an issue of fact." *Skaggs v. Elk Run Coal Co., Inc.*, 198 W.Va. 51, 479 S.E.2d 561, 583 (1996).

Defendant argues that Plaintiff's claims should be dismissed because even if she can establish a prima facie case, ARS had a legitimate, nondiscriminatory reason for terminating her employment.[1] According to Defendant, Howard and Driggers were recruited to "turn around"

---

[1] Plaintiff argues that the Court's inquiry should stop here because the West Virginia Supreme Court held in *Barefoot v. Sundale Nursing Home*, 457 S.E.2d 152 (W. Va. 1995) that West Virginia Rule of Evidence 301 prevented the trial court from granting judgment as a matter of law after the plaintiff established a prima facie case of discrimination. However, that case involved judgment notwithstanding the verdict. Numerous cases following *Barefoot*, including *Skaggs* (issued the following year), indicate that the Plaintiff must rebut the Defendant's showing of a nondiscriminatory reason for discharge. Therefore, the Court rejects Plaintiff's argument.

ARS by restructuring the company, eliminating inefficiencies, and returning it to profitability. Consistent with that restructuring, Defendant says, Howard and Driggers decided to eliminate Plaintiff's position after both realized during her leave, that her position could be eliminated, and her responsibilities reassigned to other employees.

Although this may constitute a legitimate reason for Plaintiff's termination, the Court finds that Plaintiff has successfully rebutted this reason for the purposes of summary judgment in at least three ways. First, despite Defendant's argument that it did not need Plaintiff or her position, the evidence indicates that ARS maintained a two-person human resources unit by hiring a temporary employee to work with Sharp while Plaintiff was on leave. Defendant's justification is further called into question by Plaintiff's testimony that she worked intermittently throughout her leave by answering emails and phone calls and visiting the office.

Second, Defendant's decision to terminate Plaintiff rather than her subordinate supports an inference of pretext. It is undisputed that Plaintiff was more senior, qualified, experienced, and credentialed than Sharp. According to Plaintiff, Sharp was dependent on Plaintiff's help before and during her leave. Howard also testified that Plaintiff's salary "had nothing to do with [the] decision to terminate her employment." Howard Dep. 14, ECF No. 26-3. Without any further explanation for Defendant's choice to eliminate Plaintiff's more senior position, a reasonable jury could find Defendant was acting pretextually.

Third, Plaintiff's conversation with Driggers just before her leave indicates that Defendant was motivated by discriminatory reasons. According to Plaintiff, Driggers expressed concern about Plaintiff's ability to succeed in her role while being a mother despite Plaintiff's qualifications and past positive performance reviews. Altogether, this evidence raises a question of fact that must be decided by the jury. Thus, the Court **DENIES** Defendant's Motion for Summary Judgment as

to the First Cause of Action as well as the Second Cause of Action to the extent that it is predicated on the WVHRA.

B. **Pregnant Workers' Fairness Act**

The PWFA requires employers to make reasonable accommodations for "limitations related to pregnancy, childbirth, or related medical conditions," and prohibits employers from requiring a pregnant person to accept an accommodation that such applicant or employee chooses not to accept. W. Va. Code Ann. § 5-11B-2. Here, the only apparent accommodation Defendant denied was Plaintiff's request to work remotely one day a week after she returned from maternity leave. Plaintiff has not presented any facts demonstrating that this request was born from a limitation related to pregnancy, childbirth, or another medical condition. Therefore, the Court **GRANTS** the Motion for Summary Judgment as to the Second Cause of Action to the extent that Plaintiff relies on the PWFA.

C. **Retaliatory Discharge under the Family Medical Leave Act**

Plaintiff's Third Cause of Action is Retaliatory Discharge under the FMLA. Defendant argues that the FMLA does not apply to ARS because Plaintiff admitted in her deposition that fewer than 50 employees work within 75 miles of Plaintiff's worksite. *See* 29 USC § 2611(2)(B)(ii). Plaintiff does not dispute this fact in her response. Therefore, the Court **GRANTS** the Motion for Summary Judgment as to the Third Cause of Action.

D. **Disability Discrimination under the West Virginia Human Rights Act**

The WVHRA makes it illegal "[f]or any employer to discriminate against an individual with respect to compensation, hire, tenure, terms, conditions or privileges of employment if the individual is able and competent to perform the services required even if such individual is blind or disabled." W. Va. Code § 5-11-9(1). To establish a prima facie case for disability discrimination

under the WVHRA, the plaintiff must show (1) that she was a disabled person within the meaning of the law, (2) that she was qualified to perform the essential functions of her job with or without reasonable accommodations, and (3) that she suffered an adverse employment action under circumstances from which an inference of discrimination arises. *Skaggs*, 479 S.E.2d at 581 n. 22.

Plaintiff's evidence establishes a prima facie case for impermissible discrimination.[2] First, as a pregnant person who took disability leave, she is a protected class member for the purposes of disability discrimination under the WVHRA. *See Haynes v. Rhone-Poulenc, Inc.*, 521 S.E.2d 331, 344 (1999) (holding that a person with a temporary disability like pregnancy may be a "qualified disabled person" under the WVHRA). Second, Defendant terminated her employment, despite her undisputed ability to perform her job duties. And third, the circumstances of her termination give rise to an inference of discrimination: Defendant's Chief Operating Officer expressed doubt about Plaintiff's ability to be successful in her role without working more hours just before she took disability leave and then terminated her employment less than a week after she returned. As held above, Plaintiff has also raised a sufficient question of fact as to pretext. Therefore, the Court **DENIES** the Motion for Summary Judgment as to the Fourth Cause of Action.

E.  **Punitive Damages**

It is well established in West Virginia that "[p]unitive damages are an available form of remedial relief that a court may award under the provisions of [WVHRA]." *Syl. Pt. 5, Haynes*, 521 S.E.2d at 332-33. In *Haynes*, the court held that punitive damages are generally appropriate where

---

[2] Defendant argues that Plaintiff forfeited her disability discrimination claim was because Plaintiff failed to address it in her Response. However, the Court finds that Plaintiff's arguments regarding sex discrimination under the WVHRA apply equally to her disability discrimination under the WVHRA claim because both claims rest on the same set of facts and statute. Therefore, the Court finds that she has not forfeited her disability discrimination claim.

a defendant acted "maliciously, oppressively, wantonly, willfully, recklessly, or with criminal indifference to civil obligations." *Id*. (quoting *Alkire v. First Nat. Bank of Parsons*, 475 S.E.2d 122, 129 (W. Va. 1996)).

The Court finds that Defendant has not demonstrated that Plaintiff is not entitled to punitive damages as a matter of law. If the jury believes Plaintiff's claims that ARS terminated her for taking disability and maternity leave, and for being a mother to a newborn, then it may also find a basis for punitive damages. Considering the facts in a light most favorable to Higginbotham, the non-movant, the Court has no choice but to **DENY** Defendant's Motion for Summary Judgment as to punitive damages.

## IV.  CONCLUSION

For the reasons stated above, the Court **DENIES in Part** and **GRANTS in part** Defendant's Motion for Summary Judgment (ECF No. 25). Plaintiff's PWFA and FMLA claims are **DISMISSED**.

The Clerk is **DIRECTED** to send a copy of this Opinion to all counsel of record and any unrepresented parties.

ENTER:   March 25, 2021

_____
ROBERT C. CHAMBERS
UNITED STATES DISTRICT JUDGE