**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERIN DISTRICT OF WEST VIRGINIA
AT HUNTINGTON**

**JENNA L. HIGGINBOTHAM,**

    **PLAINTIFF,**

v.                                         **CIVIL ACTION NO.: 3:20-cv-0198**
                                                  **(Honorable Robert C. Chambers)**

**APPALACHIAN RAILCAR SERVICES, LLC,**
**a West Virginia corporation,**

    **DEFENDANT.**

**MEMORANDUM OF LAW IN SUPPORT OF
MOTION TO BIFURCATE PUNITIVE DAMAGES**

**I. INTRODUCTION**

In 2015, the West Virginia Legislature established, through statute, that "[a]ny civil action tried before a jury involving punitive damages may, upon request of any defendant, be conducted in a bifurcated trial. . . ." W. Va. Code § 55-7-29(b). In accordance with that provision, and R. Civ. P. 42(b), Defendant, Appalachian Railcar Services, LLC, respectfully requests that this Court bifurcate the trial into two phases. The first would address liability and compensatory damages. The second, if necessary and proper, would address any punitive liability and punitive damages. In addition, the Defendant submits that bifurcation of punitive damages is also essential because the law requires Plaintiff to make a *prima facie* case for punitive damages before adducing any evidence pertaining thereto. Bifurcation would aid convenience, avoid prejudice, and expedite and economize matters herein.

## II. STATEMENT OF FACTS

This case involves claims of gender and disability discrimination under the West Virginia Human Rights Act arising out of the elimination of Plaintiff's position after she returned to work from maternity leave. Plaintiff seeks punitive damages in relation to her claims. *See* ECF 1, Complaint at *ad damnum* clause. As more fully set forth hereafter, West Virginia statutory law allows for a defendant to request the bifurcation of punitive damages. This Court applies the West Virginia statutory punitive damages provision with regard to state-law claims. *See, e.g., Jones v. Martin Transport, Inc.*, No. 3:19-0373, 2020 WL 1802934, at *9 (S.D.W. Va. April 8, 2020) (slip op.) (recognizing clear and convincing burden of proof must be met by a plaintiff claiming punitive damages); *Robertson v. Cincinnati Life Ins. Co.*, No. 3:16-cv-04242, 2018 WL 4854089, at *2 (S.D.W. Va. Oct. 4, 2018) (unpublished) (applying the "actual malice" standard). Moreover, evidence regarding punitive damages is premature pending demonstration of a *prima facie* case and would be prejudicial if presented during the liability phase on Plaintiff's discrimination claims. Consequently, bifurcation of punitive damages is proper.

## III. DISCUSSION OF LAW

W. Va. Code § 55-7-29 addresses punitive damages in civil actions and provides:

> (b) Any civil action tried before a jury involving punitive damages ***may, upon request of any defendant, be conducted in a bifurcated trial in accordance with the following guidelines:***
>
> (1) In the first stage of a bifurcated trial, the jury shall determine liability for compensatory damages and the amount of compensatory damages, if any.
>
> (2) If the jury finds during the first stage of a bifurcated trial that a defendant is liable for compensatory damages, then the court shall determine whether sufficient evidence exists to proceed with a consideration of punitive damages.

> (3) If the court finds that sufficient evidence exists to proceed with a consideration of punitive damages, the same jury shall determine if a defendant is liable for punitive damages in the second stage of a bifurcated trial and may award such damages.

*Id.* (emphasis added). Thus, bifurcation of the trial of this matter into two phases, one addressing liability and compensatory damages and one addressing any punitive liability and punitive damages, is appropriate when requested.

Additionally, under Rule 42(b) of the Federal Rules of Civil Procedure, "[f]or convenience, to avoid prejudice, or to expedite and economize, the court may order a separate trial of one or more separate issues, claims, crossclaims, counterclaims or third-party claims." Ordering a separate trial on the amount of punitive damages will avoid undue prejudice because the jury would not hear financial evidence or other evidence related to punitive damages until *after* liability is determined. *Garnes v. Fleming Landfill, Inc.*, 186 W. Va. 656, 667, 413 S.E.2d 897, 908 (1991) (requiring a finding of compensatory damages before punitive damages could be considered); *Michael on Behalf of Estate of Michael v. Sabado*, 192 W. Va. 585, 601 n.21, 453 S.E.2d 419, 435, n.21 (1994) (noting that without a finding of liability, punitive damages are irrelevant). Moreover, it has long been held that there must be a *prima facie* showing warranting punitive damages or such damages are premature. *See Robertson*, 2018 WL 4854089, at *2-3; *Robinson v. Quicken Loans Inc.*, No. 3:12–0981, 2013 WL 1704839, at *4 (S.D. W. Va. April 19, 2013) ("In this district, the cases support the requirement that a plaintiff demonstrate her claim for punitive damages is viable before discovery of a defendant's financial net worth."); *Chesapeake Appalachia LLC v. Mountain V Oil & Gas Inc.,* No. 2:11–cv–00207, 2012 WL 4045729, at *4 (S.D. W. Va. Sept. 13, 2012) (bifurcating punitive damages phase such that the plaintiff had to survive summary judgment on liability before discovery on defendant's wealth would be permitted); *Moore v. Ferguson*, No. 2:15-cv-04531, 2015 WL 9587748, at *8 (S.D.W. Va. Dec. 30, 2015) ("This Court agrees with the

holding in *Robinson* and concludes that the plaintiffs were required to make a *prima facie* claim for punitive damages before entitled to discovery of a defendant's financial records.").

Moreover, in *Rohrbaugh v. Wal-Mart Stores, Inc.*, the Supreme Court of Appeals of West Virginia concluded that bifurcation of compensatory and punitive damage claims was proper under West Virginia procedural rules in order to prevent the jury from being influenced on the substantive claim by the defendant's wealth. *Rohrbaugh,* 212 W. Va. at 367, 572 S.E.2d at 890. In short, bifurcation is the only way to prevent such prejudice.

In addition, the issues of liability and compensatory damages—as compared to punitive damages—require separate evidence under vastly different standards of proof. The first phase of the litigation will involve whether Plaintiff can establish the elements of her claims and compensatory damages by a preponderance of the evidence. The second phase, if one occurs, would involve Defendant's financial information, the relationship of punitive damages to compensatory damages, the reprehensibility of any misconduct, and whether the standard for punitive damages has been met. As reflected in W. Va. Code § 55-7-29(a), the standard of proof for punitive damages is ***clear and convincing*** evidence of "actual malice" or a "conscious, reckless and outrageous indifference to the health, safety and welfare of others." W. Va. Code § 55-7-29(a). Bifurcation avoids confusion where the jury is faced with determining liability under a particular set of facts by a preponderance of the evidence, and then punitive damages under an overlapping set of facts by clear and convincing evidence. If tried together, the danger of the jury deciding punitive damages at the same time as compensatory damages under the preponderance standard is manifest, weighing heavily in favor of bifurcation.

Bifurcation would also promote judicial economy because a finding of no liability in the first phase would do away with the need for a second phase. Additionally, bifurcation will not

prejudice Plaintiff. If the jury finds Defendant liable for compensatory damages in the first phase, and the Court otherwise finds that a punitive damages claim is proper to proceed, the second phase of the trial can begin immediately without the need to impanel a new jury. W. Va. Code § 55-7-29(b)(3). Thus, bifurcation works no injury upon Plaintiff.[1]

Indeed, bifurcation of punitive damages is a logical use of Rule 42. As the Fourth Circuit Court of Appeals has noted, "we observe that, when it is determined that the evidence relevant to the appropriate amount of punitive damages will be prejudicial to the jury's consideration of liability or compensatory damages, bifurcation of the trial under Fed.R.Civ.P. 42(b) remains an available solution. *See* Report on Punitive Damages at 18–19; Wheeler, *The Constitutional Case for Reforming Punitive Damages Procedures*, 69 Va.L.Rev. 269, 300–02 (1983)." *Mattison v. Dallas Carrier Corp.*, 947 F.2d 95, 110 (4th Cir. 1991). Indeed, bifurcation of punitive damages is regularly done in the District Courts of this Circuit in accordance with the avoidance of prejudice, expedition, and economy. *See, e.g., Ziemkiewicz v. R±L Carriers, Inc.,* No. RDB–13–00438, 2013 WL 2299722 (D. Md. May 24, 2013); *Silicon Knights, Inc. v. Epic Games, Inc.*, No.

---

[1] As argued in its Motion for Summary Judgment, the standard Plaintiff must meet to prove her claim for punitive damages is a high one. There is absolutely no record evidence whatsoever sufficient to support allegations of actual malice with respect to the Plaintiff's claims against the Defendant, and certainly no evidence exists of a general disregard on the part of the Defendant towards the rights of others. *See Stafford v. Rocky Hollow Coal Corp.*, 198 W. Va. 593, 601, 482 S.E.2d 210, 218 (1996) (upholding the trial court's decision not to allow punitive damages to go to the jury because the evidence presented was insufficient to justify an award). Plaintiff's "evidence" consists entirely of her characterization of her discharge as malicious, as well as her characterization of a single conversation with Driggers as malicious. The Court denied Defendant's motion with regard to punitive damages after viewing the evidence in a light most favorable to Plaintiff because, if the jury believes Plaintiff's claims, then it may also find a basis for punitive damages. The Defendant respectfully disagrees that punitive damages are available in this case, but because the Court just made this ruling, it is not submitting a separate motion *in limine* to exclude punitive damages.

5:07-CV-275-D, 2011 WL 13234787 (E.D.N.C. Oct. 31, 2011); *Kartman v. Markle*, No. 5:10CV106, 2015 WL 3952639 (N.D. W. Va. June 29, 2015).

## IV. CONCLUSION

West Virginia Code outlines a punitive damages procedure, which allows for bifurcation of punitive damages. The procedure is consistent with the federal courts' recognition of the need to establish a *prima facie* punitive damages case before such evidence is adduced. Moreover, allowing evidence of punitive damages evidence prematurely would be prejudicial to Defendant. Accordingly, Defendant respectfully requests this Court enter an Order bifurcating the Plaintiff's request for punitive damages.

WHEREFORE, Defendant respectfully requests this Court grant its Motion to Bifurcate Punitive Damages and to enter an Order consistent with the relief requested therein.

Respectfully submitted this 7th day of April, 2021.

                                          **APPALACHIAN RAILCAR SERVICES, LLC**

                                          **By Counsel**

                                          */s/ Joseph U. Leonoro*
                                          Joseph U. Leonoro (WVSB #10501)
                                          Vanessa L. Towarnicky (WVSB #7447)
                                          Attorneys for Defendant
                                          Chase Tower, 17th Floor
STEPTOE & JOHNSON PLLC        707 Virginia Street, East
   Of Counsel                            P.O. Box 1588
                                          Charleston, WV 25326-1588
                                          304-353-8162 (Leonoro)
                                          304-290-0818 (Towarnicky)
                                          304-353-8180 (Facsimile)
                                          Joseph.Leonoro@Steptoe-Johnson.com
                                          Vanessa.Towarnicky@Steptoe-Johnson.com

# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERIN DISTRICT OF WEST VIRGINIA
# AT HUNTINGTON

**JENNA L. HIGGINBOTHAM,**

      **PLAINTIFF,**

**v.**                      **CIVIL ACTION NO.: 3:20-cv-0198**
                          **(Honorable Robert C. Chambers)**

**APPALACHIAN RAILCAR SERVICES, LLC,**
a West Virginia corporation,

      **DEFENDANT.**

## **CERTIFICATE OF SERVICE**

      I hereby certify that on 7th day of April, 2021, I served the foregoing **"MEMORANDUM OF LAW IN SUPPORT OF MOTION TO BIFURCATE PUNITIVE DAMAGES"** with the Clerk of Court via the CM/ECF system which will send electronic notification of such filing to the following:

        Mark A. Atkinson, Esq.
        Paul L. Frampton, Esq.
        P.O. Box 549
        Charleston, WV 25322-0549
        *Counsel for Plaintiff*

                              */s/ Joseph U. Leonoro*
                              Joseph U. Leonoro (WVSB #10501)
                              Steptoe & Johnson PLLC
                              P.O. Box 1588
                              Charleston, WV 25326-1588
                              Telephone: (304) 353-8000
                              Facsimile: (304) 353-8180
                              Joseph.Leonoro@Steptoe-Johnson.com

                              *Counsel for Appalachian Railcar Services, LLC*